OAKEY ET AL.
*vs.*
DUCKER.
Interest cannot be allowed on an unliquidated demand.

OAKEY ET AL *vs.* DUCKER.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

In an attachment case, commenced in the Parish Court of New-Orleans, where the defendant died during the pendency of the suit : *Held*, that the power of the court of general jurisdiction ceased, and the cause was ordered to be transferred to the Court of Probates for the parish in which the succession was opened.

The succession of a *non-resident*, dying in this state, is opened in the parish where he owned real estate; or in the parish in which his principal effects are situated, if he had effects in several parishes; or in the parish where he died, if he had no immoveable property in the state.

All claims for money must be brought in the Court of Probates for the parish in which the succession is opened, whether the deceased had his residence in the state, *or out of it.*

*Eustis*, J., dissenting: Did not consider a mere auxiliary administration in a remote parish, of the estate of an intestate, domiciliated out of the state, but dying in it, leaving *moveable* property under attachment in our courts of general jurisdiction, *divested* them of that jurisdiction.

This suit commenced by attachment. The plaintiffs attached one hundred and thirty-two bales of cotton, the 31st May, 1837, as the property of the defendant, who, it was alleged, resided in the state of Mississippi. The debt sued on was evidenced by a promissory note signed by the defendant, for four thousand seven hundred and thirty-three dollars and seventy-six cents, payable the first day of April, 1837, at the Commercial Bank of Rodney, in the state of Mississippi.

The defendant's counsel took a rule to have the attachment set aside, and on the 23d June filed an answer, averring, that the defendant was a citizen of Louisiana, residing in the parish of Concordia, and that no attachment writ could issue. He prayed that the suit be dismissed.

On the 21st November it was suggested to the court, that the defendant had died since the institution of suit, leaving his daughter, Sarah Ann Ducker, a minor, as his only heir; whereupon a curator *ad hoc* was appointed to represent said minor, who was made a party to the suit.

The curator *ad hoc* excepted to the jurisdiction of the Parish Court, and suggested, that the succession of the defendant was opened in the parish of Concordia, and E. Sparrow appointed curator of absent heirs and administrator of the estate; that the Probate Court of that parish has exclusive jurisdiction of all actions against the deceased, and that all suits must be cumulated and prosecuted there.

It was admitted that Ducker was dead, and that his succession was opened and a curator appointed in the parish of Concordia, and an inventory ordered to be taken of the property which might be found there.

The parish judge was of opinion, that the general jurisdiction which his court possessed had ceased; and that the case should be transferred to the Probate Court in Concordia.

The plaintiffs appealed.

*J. & T. Slidell*, for the plaintiffs.

L. *Peirce*, for the defendant, cited the cases of *Cox et al* vs. *Hunter's Heirs*, 10 *Louisiana Reports*, 426 ; *Code of Practice*, 983, 996 ; *Roland* vs. *Stephens*, 3 *Louisiana Reports*, 483.

EASTERN DIST.
*April*, 1839.

OAKEY ET AL.
vs.
DUCKER.

*Rost, J.*, delivered the opinion of the court.

The plaintiffs, residing in the parish of New-Orleans, sued out an attachment against the property, effects, rights and credits of the defendant, whom they alleged to be a resident of the state of Mississippi, and the sheriff attached under it a parcel of cotton deemed of sufficient value to satisfy the claim. The return of the writ bears date the second Monday of June, 1837. On the 23d of the same month, the defendant came into court and filed an exception, praying for the dismissal of the attachment, and that he might be dispensed from answering to the merits, on the ground that he was a citizen of the state of Louisiana, residing in the parish of Concordia. In November following, upon the suggestion of counsel, that the defendant had died since the institution of the suit, leaving a minor daughter his only child and heir, the court appointed a curator *ad hoc* to represent her, and ordered that he be made a party to the proceedings. The curator came into court, and filed a plea to the jurisdiction, on the ground that the succession of the defendant had been opened in the parish of Concordia; that one Edward Sparrow had been regularly appointed there curator of absent heirs, and was administering the succession, and that all actions for money, pending in the state against the deceased at the time of his death, must be cumulated ·and prosecuted before the judge of the place where the succession is opened, contradictorily with the curator.

The facts set forth in the answer of the curator *ad hoc* are admitted to be true, and upon them the Parish Court decreed that the cause be transferred to the Probate Court of Concordia, in the situation in which it then was,. there to be cumulated with the ,proceedings in the succession of the defendant. From this judgment, the plaintiffs appealed.

EASTERN DIST.
April, 1839.

OAKEY ET AL.
vs.
DUCKER.

In an attachment case commenced in the Parish Court of New-Orleans, where the defendant died during the pendency of the suit : *Held,* that the power of the court of general jurisdiction ceased, and the cause was ordered to be transferred to the Court of Probates for the parish in which the succession was opened.

The succession of a nonresident dying in the state is opened in the parish where he owned real estate ; or in the parish in which his principal effects are situated, if he had effects in several parishes ; or in the parish where he died, if he had no immoveable property in the state.

All claims for money must be brought in the Court of Probates for the parish in which the succession is opened, whether the deceased had his residence and domicil in the state, or out of it.

Their counsel have contended in this court, that the succession in Louisiana is merely ancillary to the principal administration in the state of Mississippi, and is not governed by the general laws which regulate the settlement of successions; and further, that property belonging to minors who reside out of the state may be attached for debt in our courts.

If the first ground assumed was well founded in law, the facts of this case would not bring the plaintiffs within the exception. There is no proof in the record, showing that the defendant died in the state of Mississippi; that he had property there, and that his estate is under a regular course of administration, at the place of his alleged residence. The evidence shows, that his daughter resides in Philadelphia, and that he never had his family with him. We could, under no circumstances, take this case out of the usual course of administration here, unless it was shown that another existed elsewhere ; but we are of opinion that, under the law, the distinction contended for does not exist.

Article 929, of Louisiana Code, provides that the opening of a succession takes place in the parish where the deceased owned real estate, if he had neither *domicil nor residence* in this state ; or in the parish in which it appears by the inventory his principal effects are situated, if he had effects in different parishes ; or, finally, in the parish where the deceased died, *if he had no residence nor immoveable* effects within the state.

These provisions embrace all ancillary successions; they do not in any manner distinguish them from others, as to the mode of administering them ; and article 924 of the *Code of Practice,* which gives to the Court of Probates of the place where the succession is opened, *the exclusive right* and power to decide on claims for money, which are brought against successions administered by curators, executors or administrators, applies to them as well as to those of persons who had their residence and domicil in the state at the time of their death.

In the cases relied on by the plaintiffs' counsel, in support of the second point made, the successions were either not

administered by curators, executors or administrators, or the <span class="margin">EASTERN DIST.</span> time of their administration had expired; and the seizin had <span class="margin">April, 1839.</span> vested in the heirs. In all such cases, minors, like other persons, are liable to the ordinary jurisdiction of our courts. There is no proof of the time at which the curator of absent heirs was appointed, but the defendant must have died after June, 1837, and the judgment was rendered by the Parish Court in January, 1838. The year of the curator's administration had not expired, and while it lasted, the Parish Court was without jurisdiction.

<div class="margin-note">OAKEY ET AL.<br>vs.<br>DUCKER.</div>

It is therefore ordered and decreed, that the judgment of the Parish Court be affirmed, with costs.

*Eustis, J.,* dissenting.

I concur in the opinion of the court, on the ground that there is no evidence in this case that there is any principal administration of the deceased's estate, other than that to which the representative of the defendant has applied to have the cause transferred.

I do not consider that the circumstance of there being in this state a mere auxiliary administration of the estate of an intestate, domiciliated in his life-time out of the state, and having moveable property under attachment in the courts of general jurisdiction, divests these tribunals of their jurisdiction. I believe that the laws giving the Court of Probates exclusive jurisdiction of matters relating to successions, refer to successions opened in this state, or where the intestate leaves real property within the state; and that where there is a principal administration in the place of the deceased's domicil, and not in this state, that the courts can hold their jurisdiction in cases of attachment, in all cases in which only moveable property is attached, notwithstanding the decease of the defendant.

Those laws could scarcely have for their object to cumulate, in the Court of Probates in a remote parish, all suits against a party who may have died after his property was attached, when the only ground upon which the Court of

Probates is vested with jurisdiction would be a *modicum* of moveable property accidentally left within the parish.